IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENIECE TURNER, ) | |
| # 245633, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv446-TMH |
| ) | (WO) |
| EDWARD ELLINGTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This case is before the court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Angela Deniece Turner ("Turner") on May 19, 2010.[1] (Doc. No. 1.) By her petition, Turner challenges her murder conviction and the resulting life sentence entered against her in 2006 by the Circuit Court for Houston County, Alabama.

The respondents have filed an answer (Doc. No. 14) in which they argue that Turner's federal petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] With regard to application of the time-bar, the

---

[1] Although the habeas petition was date-stamped "received" in this court on May 20, 2010, it was signed by Turner on May 19, 2010. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996. The limitation period codified at 28 U.S.C. § 2244(d) provides:

(continued...)

respondents contend that because the conviction Turner challenges became final in October 2006 – after enactment of the statute of limitations – Turner must have filed her federal petition within one year of the conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that, after she was convicted, Turner filed a state post-conviction petition challenging her conviction pursuant to Ala. R. Crim P. 32. However, the respondents maintain that even allowing any applicable tolling of the federal limitation

---

[2](...continued)

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

period during the pendency of state proceedings on Turner's Rule 32 petition, the federal limitation period expired prior to Turner's filing of the instant habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the materials filed in this case and the law of this Circuit, it appears that Turner's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Exhibits submitted by the respondents reflect that Turner was convicted, following a jury trial, on January 24, 2006. (*See Respondents' Exh. A.*) The trial court imposed Turner's sentence of life in prison on March 10, 2006. (*Id.*) Turner appealed to the Alabama Court of Criminal Appeals, and that court affirmed her conviction and sentence on September 22, 2006. (*Respondents' Exhs. B-D.*) Turner did not seek a rehearing with the Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. The Court of Criminal Appeals issued a certificate of judgment on October 11, 2006. (*Respondents' Exh. E.*) Because Turner did not seek rehearing from the Court of Criminal Appeals or discretionary review from the Alabama Supreme Court, the federal statute of limitation began running on the date the Court of Criminal Appeals issued the certificate of judgment, i.e., on October 11, 2006.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This court finds that the limitation period ran for **336** days after Turner's conviction became final (October 11, 2006) until her filing of a Rule 32 petition challenging her conviction in the Circuit Court of Houston County on September 12, 2007, tolling the federal limitation period.[3] (*Respondents' Exh. F.*) The trial court denied the Rule 32 petition on October 31, 2008, and on May 22, 2009, the Alabama Court of Criminal Appeals affirmed the trial court's decision. (*Respondents' Exh. F-I.*) Turner did not seek rehearing from the Court of Criminal Appeals or certiorari review from the Alabama Supreme Court, and a certificate of judgment was issued on June 10, 2009. (*Respondents' Exh. J.*)

Under the circumstances outlined above, the period of limitation for Turner to seek federal habeas relief began to run again on June 11, 2009 – i.e., the first day following completion of the state proceedings on her Rule 32 petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). At that time, **29** days remained in the federal period of limitation. Turner did not initiate any new state post-conviction proceedings during this period.

---

[3] Although the Rule 32 petition was date-stamped as filed in the Circuit Court of Houston County on November 21, 2007, Turner represented that she submitted it to prison officials for mailing on September 12, 2007. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993)..

Therefore, the federal limitation period expired on **August 10, 2009**.

Turner filed the instant habeas petition on May 19, 2010. Under the circumstances of this case, then, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Turner filed the instant petition. Accordingly, it is

ORDERED that on or before August 3, 2010, Turner shall show cause why her federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for any other reasons asserted by the respondents in their answer.

Done this 13th day of July, 2010.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

5