IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENIECE TURNER, | ) | |
| AIS #245633, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:10-cv-446-TMH |
| | ) | (WO) |
| EDWARD ELLINGTON, et al., | ) | |
| | ) | |
| Respondents . | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In 2006, Angela Turner was convicted of murder and sentenced to life imprisonment for murder in Houston County, Alabama. She raises several substantive claims which the court will not address because her habeas petition filed pursuant to 28 U.S.C. § 2254 is untimely under 28 U.S.C. § 2244(d)(1). That statute establishes a one-year period of limitations which applies "to an application for a writ of habeas corpus," and runs "from the latest of":

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. However, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

Following her conviction, Turner was sentenced on March 10, 2006, and she appealed. The Alabama Court of Criminal Appeals affirmed her conviction on September 22, 2006, and issued its certificate of judgment on October 11, 2006. Turner did not seek certiorari review in the Alabama Supreme Court. However, 335 days later on September 11, 2007, Turner filed a petition for post-conviction review pursuant to ALA. R. CRIM. P. 32. The trial court denied her petition on October 31, 2008, and Turner appealed. The Alabama Court of Criminal Appeals affirmed the denial of her post-conviction petition on May 22, 2009, and issued its certificate of judgment on June 10, 2009.

Because a total of 335 days elapsed between the date on which Turner's conviction became final and the date on which she filed her post-conviction petition in state court, Turner had only 30 days remaining on the one year period within which to file her habeas petition in this court. Her habeas petition was filed on May 19, 2010,[1] 343 days after the

---

[1] The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the

post-conviction proceeding certificate of judgment issued.   Because she waited that long, her habeas petition filed in this court was filed 313 days too late.

In response to an order of this court allowing her to show cause why her habeas petition should not be dismissed as untimely, Turner contends that it was her direct appeal lawyer's fault because he failed to notify her when her direct appeal was affirmed.  After Turner wrote her lawyer in June 2007 asking about the status of that appeal, he replied on June 26, 2007.

> I received your letter dated June 14. Your conviction was affirmed by the Court of Criminal Appeals late last year. Somehow you were not notified by my office.  Please let me know if I can provide further information.

As already noted, after receiving this letter from her lawyer Turner filed her ALA. R. CRIM. P. 32 petition pro se on September 11, 2007.  While that filing stopped the limitations period from running, 335 day had already elapsed.

The question before the court is whether Turner is entitled to equitable tolling of the one-year statute of limitations because her attorney failed to notify her when the Alabama Court of Criminal Appeals affirmed her conviction on direct appeal.  Equitable tolling is a rare and extraordinary remedy, *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011),  "which is typically applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000).  The petitioner bears the burden of establishing that equitable tolling should apply.  *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).

---

day [Turner] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers May 19, 2010, as the date of filing.

3

Equitable tolling is available if the prisoner demonstrates that (1) she has pursued her rights diligently and (2) an extraordinary circumstance prevented her from timely exercising her rights. *Holland v. Florida,* 560 U.S. ____, ___,130 S.Ct. 2549, 2562 (2010).  Equitable tolling is available only where a movant untimely files her motion due to extraordinary circumstances that are beyond her control.  *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009).  Mere attorney negligence does not justify a grant of equitable tolling.  *Holland,* 560 U.S. at ——, 130 S.Ct. at 2564; *see also Helton v. Sec'y, Dep't of Corrs.,* 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's misinforming the petitioner as to the deadline for filing his habeas petition does not constitute extraordinary circumstances warranting equitable tolling).  The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *San Martin,* 633 F.3d at 1267 (quotations omitted).

In *Holland,* the Supreme Court determined that Holland was reasonably diligent in pursuing his rights for the purposes of equitable tolling where (1) he wrote his attorney numerous letters seeking crucial information and providing direction to his attorney concerning his post-conviction remedies; (2) Holland contacted the state courts, their clerks, and the state bar association in an effort to have his attorney, who was impeding Holland's pursuit of his legal remedies, removed from his case; and (3) the very day that Holland discovered the limitations period had expired due to his attorney's failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the court. *See*

*Holland,* 560 U.S. at ––––, 130 S.Ct. at 2555–59, 2565.

Turner's lawyer's negligence in failing to notify Turner that her conviction was affirmed on direct appeal is certainly not laudable, but it is not the kind of mistake which equates to abandonment or otherwise rises to the level of extraordinary circumstances sufficient to toll the statute of limitations.  *See e.g.*, *Ryder v. Sec'y Dep't of Corr.,* __ Fd. Appx ___, 2013 WL 2451041 (11th Cir. June 6, 2013) (No. 12-13593) (attorney negligence in missing deadline does not constitute abandonment).  There is no difference between Turner's lawyer's failure to notify her about the appeal and other lawyers' failure to calculate deadlines properly.

Moreover, Turner has not demonstrated the diligence necessary to warrant equitable tolling. Turner learned about the results of her direct appeal in June 2007. Unlike Holland, who promptly filed his pro se habeas petition, Turner waited over two months to file a pro se post-conviction petition in state court.  Then, when that post-conviction petition was denied, she waited almost one year to file her habeas petition in this court.  Turner offers no reason for these delays.  Under any circumstances, Turner has not displayed reasonable diligence in pursuing her remedies.

Moreover, even if the court were to conclude that Turner's lawyer's neglect did amount to extraordinary circumstances and that she had diligently pursued her remedies, her habeas petition would still be untimely.  Turner's lawyer informed her about the appellate court's decision on her direct appeal in a letter dated June 26, 2007.  Even with

the vagaries of a prison mail system, it is reasonable to assume that Turner received this letter by July 6, 2007, some 10 days later.  She filed her state post-conviction motion on September 11, 2007.  By that time, 67 days had elapsed on her one-year limitations period.

As already explained, the Alabama Court of Criminal Appeals issued its certificate of judgment on her pro se appeal from the denial of her post-conviction petition on June 10, 2009.  Turner filed this habeas case on May 19, 2010, 343 days later.  Thus, even counting from the date Turner first became aware of the denial of her direct appeal, more than 400 days elapsed.  Therefore, her petition is untimely under the provision of 28 U.S.C. § 2244(d)(1).

Accordingly, it is the Recommendation of the Magistrate Judge that Turner's petition for habeas relief be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 19, 2013**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except

upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of September, 2013.

                                 /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE